# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
ADAM WIERCINSKI,

                        Plaintiff,

- against -

MANGIA 57, INC., et al.,

                        Defendants.

-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

09-CV-4413 (ILG) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

Plaintiff Adam Wiercinski ("Wiercinski") filed the Complaint in this action on October 14, 2009. Docket Entry ("DE") 1. Six days later, after the case had been randomly assigned to specific judicial officers but before any defendant had answered the Complaint, Wiercinski moved to transfer the case to the Southern District of New York on the ground that "it was filed in the Eastern District by mistake." DE 2. For the reasons set forth below, I now deny the motion.

On its face, the Complaint sufficiently alleges venue in this district. It explicitly alleges that "[v]enue lies in the Eastern District of New York in that the unlawful actions complained of and the records relevant to such practices are maintained and administered in this district [sic]." DE 1 ¶ 6. Such an allegation appears to satisfy the requirements for venue in a non-diversity case. *See* 28 U.S.C. § 1391(b)(2) (providing for venue "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). Moreover, the Complaint also alleges that all of the defendants reside in New York State, and that one of them resides in this district. *See* DE ¶¶ 15-21. Those allegations also suffice to establish venue in this district. *See* 28 U.S.C. § 1391(b)(1) (providing for venue "in a judicial district where any defendant resides, if all defendants reside in the same State").

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a). In asking for a transfer on the ground that he filed his Complaint here by mistake, Wiercinski has not established a sufficient basis for the relief he seeks. To be sure, the same allegations about residence that suffice to establish venue in this district also suffice to establish venue in the Southern District of New York. In addition, although he has not done so, it appears from the face of the Complaint – which, among other things, alleges that the workplace in which he claims to have been subjected to the discriminatory treatment about which he complains was located in Manhattan, New York – that Wiercinski could also allege that a substantial part of the events or omissions giving rise to his federal claims occurred in the Southern District of New York. Accordingly, Wiercinsky has established that the Southern District of New York is a district in which the case might have been brought.

Wiercinski has not established, however, that a transfer would serve either the convenience of parties or witnesses or the interest of justice. Instead, he has asserted only that he filed the case here as the result of a mistake. Assuming that assertion to be true, it does not necessarily follow that anyone will be inconvenienced by having the case proceed in the federal courthouse in Brooklyn, New York rather than in its Southern District counterpart a mile away at the other end of the Brooklyn Bridge. Nor does it follow that the interest of justice will suffer if the case proceeds in this court.

There is, moreover, an affirmative reason not to grant a transfer under the circumstances of this case. I take Wiercinski's assertion to be true, notwithstanding the fact that the mistake he alleges required an attorney to first draft the Complaint explicitly pleading venue in the Eastern

District of New York, then travel to the Brooklyn courthouse to file the action, and then fill out a Civil Cover Sheet that required answers to questions about the attorney's admission to the bar of the court for the Eastern District and whether the cause of action arose in specific counties within this district. *See* DE 1-1 (Civil Cover Sheet). As unlikely as it seems that an attorney could lose sight of the decision to proceed in the Southern District at each of the several points necessary for the case to end up here, I will assume that is what happened. However, such circumstances are, at least on the surface, indistinguishable from those that would obtain if the plaintiff had made a strategic decision to file the case in this district, await the result of random assignment of judicial officers, and then seek to transfer the case to the Southern District if the judges so chosen were not to his satisfaction for any reason.

I emphasize that I do not have any reason to believe that Wiercinski has engaged in any such impermissible judge-shopping. But allowing a transfer under the circumstances here would allow other parties to engage in just such improper conduct. Accordingly, in the absence of an affirmative reason to find that allowing a case to remain in the district in which it was filed would cause undue inconvenience or otherwise create an injustice, I conclude that the assertion of a mere mistake in selecting an appropriate forum is not a sufficient reason to grant a motion to transfer venue.

That said, it is entirely possible that Wiercinski, believing that the assertion of a mistake would suffice, did not think it necessary to make a showing of facts that would satisfy the statutory standard. I therefore deny the motion without prejudice to renewal upon a showing that continuing to litigate the case in this district will result in undue inconvenience to a witness or party or will cause an injustice. Because the court would benefit from adversarial testing of such

a motion, I direct Wiercinski to await the filing of an answer (or a default) before renewing the request if he chooses to do so.[1]

Accordingly, for the reasons set forth above, I deny the motion of plaintiff Adam Wiercinski to transfer this case to the Southern District of New York.

**SO ORDERED.**

Dated: Brooklyn, New York
October 22, 2009

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[1] I note that Wiercinski is of course free at any time prior to the filing of an answer to file a notice of voluntary dismissal without leave of the court. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Such a dismissal would be without prejudice, and would therefore leave Wiercinski free to re-file the case in the Southern District of New York upon paying a new filing fee. While such a practice is equally amenable to abusive judge-shopping, albeit at slightly greater cost than the method I decline to allow here, nothing in the venue statute or applicable procedural rules prohibits it.