UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------x
ADAM WIERCINSKI,

                              Plaintiff,

      -against-                         MEMORANDUM AND ORDER
                                            09-CV-4413 (ILG)
MANGIA 57, INC., et al.,

                              Defendants.

-------------------------------------------------x

GLASSER, United States Senior District Judge:

      Defendants move to dismiss a complaint alleging various causes of action including hostile work environment, discrimination, and retaliation under Title VII and New York Human Rights law. For the reasons stated below, the motion to dismiss is granted in part and denied in part.

## FACTS[1] & PROCEDURAL HISTORY

      Plaintiff Adam Wiercinski ("Wiercinski") was employed by defendant Mangia 57, Inc. ("Mangia 57") as a caterer and deliveryman from 1992 until 2008. Wiercinski alleges that, beginning in 1995, he began receiving unfavorable catering assignments which resulted in back problems and a substantial decrease in tip revenues.[2] Sometime in 1998, one of Wiercinski's managers began subjecting him to anti-Semitic slurs. He alleges that these and other discriminatory actions continued until his termination in 2008, and that he was subject to such

---

[1] Unless otherwise noted, facts are taken from plaintiff's complaint and are assumed to be true for the purposes of this motion.
[2] Wiercinski alleges that he was assigned only extremely small orders, which generated correspondingly small tips, or very heavy orders, which caused him to experience back problems.

1

mistreatment at the hands of at least four different managers and two co-workers and at three different work locations.

On July 27, 2007, Wiercinski filed a complaint against Mangia 57 with the New York State Division of Human Rights ("NYSDHR") alleging discrimination. In November of 2008, Wiercinski requested a leave of absence to travel to Poland. He was informed that he might not have a job when he returned, and his complaint with the NYSDHR was referenced. When he returned from Poland on or about February 21, 2008 he was told that he would not be rehired due to a hiring freeze. Wiercinski alleges that several other employees were hired during this time period. Wiercinski filed a second complaint with the NYSDHR on April 23, 2008 alleging retaliation.

On May 13, 2009, the NYSDHR held a hearing on Wiercinski's two complaints. During the course of this hearing, Wiercinski agreed to withdraw his complaints and filed a stipulation to that effect. On May 14, 2009, the NYSDHR dismissed both complaints with prejudice as a result of the stipulation. On July 13, 2009, Wiercinski requested that the NYSDHR reopen his cases, but his request was denied on August 12, 2009. On October 14, 2009 he filed his complaint in this Court against Mangia 57 and several individual defendants (collectively, "Defendants"), and on February 22, 2010 Defendants filed a motion to dismiss the complaint on the basis of *res judicata* pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]

**DISCUSSION**

---

[3] Defendants motion to dismiss is based exclusively on *res judicata*, and thus the Court will not consider whether Wiercinski's surviving claims are otherwise subject to dismissal for failure to state a claim upon which relief can be granted.

1. **Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test "the formal legal sufficiency of a claim, and not its underlying facts." Podell v. Citicorp Diners Club, Inc., 859 F. Supp. 701, 704 (S.D.N.Y. 1994). "In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989). Furthermore, dismissal under Rule 12(b)(6) is appropriate when defendants raise the affirmative defense of *res judicata* "and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000).

2. ***Res Judicata***

Defendants argue that, because Wiercinski's claims here arise out of the same facts and circumstances as his complaints before the NYSDHR, and because those complaints were dismissed with prejudice by the NYSDHR, his claims are barred by *res judicata*. Although this argument is facially appealing, it does not accurately reflect the nuances of federal *res judicata* doctrine.[4] Wiercinski's claims fall into three groups: claims under New York State or New

---

[4] Defendants' motion is phrased solely in terms of *res judicata*. Although *res judicata* is often considered synonymous with claim preclusion, the Court will construe it broadly to refer to all preclusion and related doctrines, including collateral estoppel (issue preclusion) and New York's election-of-remedies doctrine. "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008) (internal quotation marks and citation omitted). New York's election-of-remedies doctrine is discussed, infra, at greater length.

3

York City law; claims under Title VII, and; claims under 28 U.S.C. §§ 1981, 1985, and 1986. The Court will consider each group in turn.

### a. City and State Law Claims

Wiercinski brings claims for hostile work environment, discrimination, and retaliation under both New York State and New York City Human Rights laws, as well as a standalone claim for "unlawful discharge."

Under New York's election of remedies doctrine, "a person claiming to be aggrieved by an unlawful discriminatory practice may elect to seek redress in either an administrative or judicial forum where different rights and remedies may be pursued." Universal Packaging Corp. v. N.Y. State Div. of Human Rights, 704 N.Y.S.2d 332, 333 (N.Y. App. Div. 2000). These remedies, however, are mutually exclusive, and "[o]nce a complainant elects the administrative forum by filing a complaint with the Division, a subsequent judicial action on the same complaint is generally barred." Legg v. Eastman Kodak Co., 670 N.Y.S.2d 291, 292 (N.Y. App. Div. 1998). This bar applies even when the complainant is uncounseled and ignorant of the effects of the election of an administrative forum. Magini v. Otnorp, Ltd., 579 N.Y.S.2d 669, 670 (N.Y. App. Div. 1992) ("The statute does not provide that a grievant have advice of counsel, or a full appreciation of the finality of an election to proceed in the administrative forum."). It certainly applies here, where the plaintiff was represented by counsel before the NYSDHR.

The election-of-remedies bar is not limited to the precise claims brought in the administrative proceeding, but extends to all claims arising out of the same events. "If substantially the same facts are involved, then the doctrine of election of remedies will bar any subsequent court proceedings. The facts need not be perfectly identical, and merely adding some

additional facts and/or re-labeling the claim will not prevent the application of the doctrine of election of remedies." Benjamin v. N.Y. City Dep't of Health, 851 N.Y.S.2d 68 (Table), 2007 WL 3226958, at *5 (N.Y. Sup. Ct. Oct. 23, 2007); see also Borum v. Village of Hempstead, 590 F. Supp. 2d 376, 383 (E.D.N.Y. 2008) ("The jurisdictional bar is not avoided by changing the legal theory of relief relied upon."). This bar applies to both state and city claims. See Wong v. Sunnex, Inc., 819 N.Y.S.2d 852 (Table), 2006 WL 1029712, at *3 (N.Y. Sup. Ct. Apr. 11,2006) ("[P]laintiff's election of an administrative remedy is a jurisdictional bar to commencing a lawsuit against defendants for violation of state and city human rights laws.").

In his two complaints to the NYSDHR, Wiercinski brought claims of discrimination and retaliation substantially identical to the city and state civil rights claims before this Court. Wiercinski now also brings a standalone claim for unlawful discharge, but this claim complains of the exact conduct that was the subject of his NYSDHR complaints. Thus, all of Wiercinski's state and city claims are procedurally barred by New York's election-of-remedies doctrine. It is irrelevant that Wiercinski's complaint before the NYSDHR named only Mangia 57, Inc.[5] as respondent, while his complaint here additionally names several individual defendants. See Wong, 2006 WL 1029712, at *3 ("The fact that Lung was not named as a party defendant in the administrative complaint does not change this result, because the present claims are based on the same facts as the claims raised in the administrative proceeding.").

NYSDHR did not rule on the merits of Wiercinski's claims. Rather, the complaints were voluntarily withdrawn by Wiercinski. The election-of-remedies doctrine, however, turns on the filing of an administrative complaint, not a merits determination. "Any person claiming to be

---

[5] Wiercinski's first complaint was actually captioned "Mangia LLC," but Mangia 57, Inc. indicated in its answer that this name was erroneous. Wiercinski's second complaint was captioned "Mangia 57 Inc."

5

aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person had *filed a complaint* hereunder or with any local commission on human rights." N.Y. Exec. Law § 297(9) (emphasis added); see also N.Y.C. Code § 8-502(a). The statute does provide some narrow exceptions to the election-of-remedies bar. N.Y. Exec. Law § 297(9) ("[W]here the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division."); see also N.Y.C. Code § 8-502(b) (no bar where the state division of human rights dismisses a complaint "either for administrative convenience or on the grounds that such person's election of an administrative remedy is annulled"). Wiercinski's withdrawal of his complaints does not fall within these exceptions.[6] "Furthermore, there is no question that the election-of-remedies provisions at issue here apply to federal courts as well as state." York v. Ass'n of Bar of N.Y., 286 F.3d 122, 127 (2d Cir. 2002).

Defendants' motion to dismiss is therefore granted as to Wiercinski's claims under New York State or New York City law.

### b. Title VII

Wiercinski brings claims under Title VII alleging hostile work environment, religion and national origin discrimination, and retaliation. The Supreme Court unambiguously held in University of Tennessee v. Elliott, 478 U.S. 788, 796 (1986), that a decision by a state

---

[6] The order dismissing Wiercinski's complaints does not purport to annul his election of remedies. It is not clear that such an annulment was even available. See Executive Law § 297(9) ("At any time *prior to a hearing before a hearing examiner*, a person who has a complaint pending at the division may request that the division dismiss the complaint and annul his or her election of remedies so that the human rights law claim may be pursued in court." (emphasis added)). Here, Wiercinski's withdrawal of his complaint occurred *during*, not prior to, the administrative hearing. Nor was Wiercinski's complaint dismissed for administrative convenience. See York v. Ass'n of Bar of N.Y., 286 F.3d 122, 127 n.2 (2d Cir. 2002) (noting that "a dismissal for administrative convenience is a specific statutory instrument"); see also DeWald v. Amsterdam Hous. Auth., 823 F. Supp. 94, 100 (N.D.N.Y. 1993).

6

administrative agency not reviewed by a state court has no preclusive effect on Title VII claims in federal court. See also Raniola v. Bratton, 243 F.3d 610, 623–24 (2d Cir. 2001) (a state administrative determination that is not challenged in state court will not preclude federal Title VII claims); DeCintio v. Westchester Cnty. Med. Ctr., 821 F.2d 111, 114–15 (2d Cir. 1987) (same). Although a state court judgment[7] is entitled to full faith and credit under 28 U.S.C. § 1738,[8] no statute requires federal courts to give full faith and credit to state administrative proceedings. See Elliott, 478 U.S. at 796 (referring to "the erroneous premise that § 1738 applies to state administrative proceedings"). The Court held that giving preclusive effect to a state administrative proceeding is inappropriate in regards to Title VII claims in light of Congressional intent to provide for *de novo* trials on such claims. Id.

Because Wiercinski's NYSDHR claims were never reviewed in state court, *res judicata* does not apply, and he is free to bring those claims in this Court. Defendants' motion to dismiss is therefore denied as to Wiercinski's Title VII claims.

### c. Reconstruction Era Civil Rights Statutes

---

[7] Including a court judgment that simply affirms an administrative ruling. See Kremer v. Chem. Constr. Corp., 456 U.S. 461, 469–70 (1982).

[8] The provision, in its entirety, reads as follows:
> The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.
>
> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
>
> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738.

Wiercinski additionally brings claims for discrimination and retaliation under 28 U.S.C. § 1981, conspiracy to deprive of rights under 28 U.S.C. § 1985, and neglect or refusal to prevent deprivation of rights under 28 U.S.C. § 1986.

### i. Issue Preclusion

The Elliott court, after ruling against preclusion of Title VII claims by an unreviewed state administrative proceeding, considered the effect on claims under the Reconstruction Era civil rights statutes. The Court held that in the case of these statutes, unlike Title VII, Congress had given no indication that traditional common law rules of preclusion shouldn't apply. Elliott, 478 U.S. at 796–97 ("Congress, in enacting the Reconstruction civil rights statutes, did not intend to create an exception to general rules of preclusion."). As a result, the Court held that factfinding by an administrative agency acting in a judicial capacity is preclusive on federal courts. Id. at 798; Kirkland v. City of Peekskill, 828 F.2d 104, 107 (2d Cir. 1987) ("[A] state agency's resolution of factual issues adverse to the complainant will bar a federal court action brought under the Reconstruction Era civil rights statutes.").

In this case, however, there are no factual findings to which this Court can defer. The dismissal of Wiercinski's complaint by the NYSDHR was not accompanied by any determination of factual issues. By definition, there can be no issue preclusion when no issues were resolved. Wiercinski is thus free to litigate his claims under 28 U.S.C. §§ 1981, 1985, and 1986 in this Court *de novo*.

### ii. Claim Preclusion

Although there can be no issue preclusion, there remains the question of whether claim preclusion might apply to bar Wiercinski's claims under §§ 1981, 1985, and 1986. With respect

8

to the Reconstruction Era civil rights statutes, Elliott speaks only in terms of issue preclusion, and does not answer the question of whether claim preclusion might also apply. See Elliott, 478 U.S. at 797–99. Although some courts have found civil rights claims precluded by an unreviewed administrative proceeding, see, e.g., Plough v. West Des Moines Cmty. Sch. Dist., 70 F.3d 512, 515 n.6 (8th Cir. 1995), this issue is the subject of a circuit split, and the Second Circuit has not taken a side. See DeSario v. Thomas, 139 F.3d 80, 86 (2d Cir. 1998) (noting circuit split and declining to resolve issue), *vacated on other grounds sub nom* Slekis v. Thomas, 525 U.S. 1098 (1999).

The issue, however, is now squarely before this Court. The Supreme Court's opinion in Elliott is instructive. Although the Court began its discussion of Reconstruction Era civil rights act claims by noting that judgments of a state *court* are entitled to both issue preclusion and claim preclusion, the subsequent discussion and the Court's holding deal solely with the question of the preclusive effect of state administrative factfinding. Elliott, 478 U.S. at 796–99. Furthermore, the Court supported its exercise of the power to "fashion[] federal common-law rules of preclusion," by reference to the underlying purpose of the Full Faith and Credit Clause which "is served by giving preclusive effect to state administrative factfinding rather than leaving the courts of a second forum, state or federal, free to reach conflicting results." Id. at 799.

As several other courts have recognized, this stated purpose is not served by claim preclusion, wherein there is no risk of inconsistent decisions. See Dionne v. Mayor and City Council of Baltimore, 40 F.3d 677, 684-85 (4th Cir. 1994) ("We discern no appreciable risk of inconsistent decisions if agency decisions do not have claim preclusive effect in § 1983 actions. Under Elliott, state issue preclusion rules may prevent the relitigation of factual issues already

9

determined by the administrative agency, and thus foreclose the possibility of inconsistent results."); Gjellum v. City of Birmingham, 829 F.2d 1056, 1068–69 (11th Cir. 1987) ("[D]eclining to apply state claim preclusion rules to unreviewed agency decisions would create little risk of inconsistent state and federal adjudications given the holding in Elliott that state agency factfinding is entitled to full faith and credit under certain circumstances."); see also Kurowski v. City of Bridgeport, Civ. No. B-85-96 (TFGD), 1988 WL 25417, at *6 (D. Conn. Mar. 14, 1988).

Furthermore, the Court's decision in Elliott which speaks narrowly in terms of issue preclusion and administrative factfinding stands in stark contrast to the broad language through which the Court upheld the claim preclusive effect of state court judgments. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 84 (1984); see also Gjellum, 829 F.2d at 1068 (noting the narrow language of Elliott). Elliott's narrow holding, combined with the Court's willingness in other cases to distinguish between issue preclusion and claim preclusion, see Gjellum, 829 F.2d at 1068-69 (discussing cases), lead to the conclusion that the limitation to issue preclusion in Elliott was deliberate and meaningful. Furthermore, if Elliott were read to endorse preclusion of Reconstruction Era civil rights claims in the context of unreviewed administrative proceedings, then the detailed standard for issue preclusion outlined by the Court would have been entirely superfluous.

For these reasons, the dismissal of Wiercinski's complaints by the NYSDHR does not preclude his bringing claims under 28 U.S.C. §§ 1981, 1985, and 1986 in this Court. Defendants' motion to dismiss is therefore denied as to these claims.

**CONCLUSION**

For the aforementioned reasons, Defendants' motion to dismiss is GRANTED as to Wiercinski's claims under New York State and New York City law and DENIED as to Wiercinski's claims under Title VII and 28 U.S.C. §§ 1981, 1985, and 1986.

SO ORDERED.

Dated:   Brooklyn, New York
         July 2, 2010

                                                    /s/
                                            I. Leo Glasser
                                            United States Senior District Judge

**Copies of the foregoing memorandum and order were electronically sent to:**

**Counsel for the Plaintiff**

Marina Trubitsky
Law Office of Marina Trubitsky
11 Broadway
Suite 861
New York, NY 10004

**Counsel for the Defendants**

Andrew William Prior
Balber Pickard Maldonado & Van Der Tuin P.C.
1370 Avenue of the Americas
New York, NY 10019-4602

Roger J. Maldonado
Balber Pickard Battistoni Maldonado & Van Der Tuin, PC
1370 Avenue of the Americas
New York, NY 10019-4602