**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ADAM WIERCINSKY,

                        Plaintiff,         **MEMORANDUM
                                                                 AND ORDER**

           - against -
                                                               09-CV-4413 (ILG) (JO)

MANGIA 57, INC., et al.,

                        Defendants.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      In a Memorandum and Order dated March 30, 2011, I granted the defendants' motion, Docket Entry ("DE") 40, asking me to order the plaintiff to reimburse them for the reasonable costs arising from the plaintiff's failure to advise them that a deposition would not proceed as scheduled. *See* DE 42. I further ordered the plaintiff to show cause in writing no later than April 4, 2011, why the plaintiff should not be barred from calling Aleksander Bielawski ("Bielawski") as a witness at trial based on his failure to ensure adequate discovery about the witness's testimony during the discovery phase. *Id.* In a letter filed early on April 5, 2011 (but bearing the date of April 4, 2011, thus suggesting compliance with my order), the plaintiff's counsel apologized for her failure to attend the conference on March 30, 2011, at which the defendants' motion was to be discussed, asked me to reconsider my order, and asked me to permit Bielawski to testify at trial because he is not in the plaintiff's control. DE 43.

      I decline to reconsider my earlier order. In seeking reconsideration, the plaintiff does not purport to rely on any "matters or controlling decisions which counsel believes the court has overlooked." Loc. Civ. R. 6.3. Instead, he simply seeks a different outcome. No such change is warranted. In particular, I note that my decision to award costs was explicitly based in large part on the fact that "[t]he plaintiff and his counsel have had ample opportunity to explain why they knew

enough not to incur the burdens of appearing for the scheduled start of Bielawski's deposition but did not share that information so that the defendants could likewise avoid such costs." DE 42 at 2. Nevertheless, in seeking reconsideration, the plaintiff and his counsel continue to avoid addressing that issue. I therefore conclude that there is no basis for reconsideration.

With respect to Bielawski's testimony, I credit the plaintiff's assertion that Bielawski is not within his control. But that does not mean the plaintiff has been without recourse in securing Bielawski's deposition testimony. In particular, the plaintiff has been free to issue a subpoena "commanding attendance at a deposition[.]" Fed. R. Civ. P. 45(a)(1)(B). In the absence of any explanation as to why, under all of the circumstances of this case – including the fact that the plaintiff has previously undertaken to arrange Bielawski's deposition, and the explicit warnings I have given about the consequences of Bielawski's failure to appear – I cannot fathom why the plaintiff failed to issue such a subpoena.

Nevertheless, the case should be tried on its merits if it is possible to do so without unduly prejudicing any party. Accordingly, I will allow the plaintiff one final opportunity to salvage his ability to call Bielawski as a trial witness. If the plaintiff wishes to call Bielawski as a trial witness, he must ensure, through use of a subpoena if necessary, that Bielawski appears for a deposition no later than April 12, 2011, and he must pay all costs arising from the belated deposition other than the defendants' attorneys' fees, including the cost of a court reporter and an interpreter. If the plaintiff is unwilling or unable to meet those conditions, then Bielawski may not testify at trial.

**SO ORDERED.**

Dated: Brooklyn, New York
April 5, 2011

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge