UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ADAM WIERCINSKI,
                         Plaintiff,

              - against -

MANGIA 57, INC., et al.,
                         Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

09-CV-4413 (ILG) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

       On May 17, 2011, I ordered plaintiff Adam Wiercinski ("Wiercinski") to show cause in writing why his case should not be dismissed for failure to obey a series of court orders. Docket Entry ("DE") 54 (Minute Entry). Specifically, Wiercinski failed to comply with two orders, dated April 13 and 21, 2011, requiring him to certify on the docket that he had notified non-party subpoena recipients that the subpoenas had been quashed. Wiercinski also failed to comply with my order of April 21, 2011, requiring the payment of past discovery costs in the amount of $3,253.00. Finally, he failed to comply with my order of April 26, 2011, requiring him to appear in person at the May 17, 2011, pre-trial conference.

       Wiercinski responded to my order on May 20, 2011, and argued that his case should not be dismissed because he did not willfully fail to comply with any court order. DE 55 ("Response") at 2. First, with respect to his failure to certify on the docket that he had notified the non-party subpoena recipients that the subpoenas had been quashed, he explained that the recipients were promptly notified and that his failure to so certify was an oversight. *Id.* at 3. He also attached a certificate of service to his motion confirming that the recipients were notified. DE 55-1 (Certification on the Docket). He has thus complied, albeit belatedly, with my orders.

Second, with respect to his failure to appear at the May 17, 2011, conference, Wiercinski explained on May 16, 2011, he was notified by the New York Neuro & Rehab Center, where he is being treated for ongoing heart issues, that he was required to appear for treatment the next day. Response at 7; DE 55-2 (Wiercinski Affidavit) ("Aff.") ¶ 30. He also noted that he promptly informed the court of his inability to attend the conference and provided a note from his doctor confirming his treatment. DE 55-6. Although defendants disagree, DE 56 (Opposition) ("Opp.") at 6, I am substantially satisfied that Wiercinski's failure to attend the conference may have been due to medical necessity and thus exercise my discretion not to sanction him for his failure to apply with my order. Even if I am incorrect in that regard, a willful failure to appear for a single conference would not warrant the harsh remedy of dismissal pursuant to the applicable legal standard discussed below.

Finally, with respect to his failure to pay past discovery costs, Wiercinski argued in part that he should be "excused pursuant to [the in] forma pauperis statute 28 U.S.C. § 1915(a)(1)" because he "has no financial means to pay" the costs. Response at 5. Specifically, he claimed that he has been unemployed since early 2008, and that aside from public assistance has "no other income or assets." Aff. ¶¶ 11, 13. The defendants questioned the credibility of these statements, noting that on prior occasions Wiercinski has refused to answer questions about his employment status. Opp. at 2-3. They also argued that he has previously lied about his employment status, submitted false documents in order to defraud the federal government, and previously testified before the New York State Division of Human Rights ("NYSDHR") that since leaving Mangia 57, Inc. ("Mangia"), he had worked and been paid under a different name. *Id.* at 3-5. I agreed with the defendants that Wiercinski's prior conduct called into doubt his claimed inability to pay the

discovery costs in this case and concluded that I required further information to determine whether he should be excused for his failure to comply with my order to pay costs based on his allegedly indigent status. I thus ordered him to submit to a deposition to answer questions relating to his employment status since January 2008. DE 57 (Order dated June 8, 2011).

At his deposition on June 17, 2011, Wiercinski reiterated the claim in his affidavit that he has not worked since leaving Mangia in late 2007. DE 60-1 (Deposition Transcript). He explained the discrepancy between this testimony and the testimony he gave to the NYSDHR by claiming that he made a mistake in his NYSDHR testimony as a result of stress and having his "brain fogged" and that he is not responsible for whatever he said during that testimony. *Id.* at 7, 8. He also admitted that he had made no attempt to find employment since leaving Mangia. *Id.* at 10-12.

Defendants urge me to dismiss the case on the basis that Wiercinski lacks any credibility and that he should not be allowed to claim that he is unemployed in order to avoid his obligations. DE 60 at 2. I agree that Wiercinski's denial of having obtained any work since leaving the defendants' employ is not credible. Indeed, I am persuaded that Wiercinski's most recent deposition testimony on that score was knowingly false. That finding alone, however, establishes neither that Wiercinski is now able to afford the payment I ordered nor that the court can properly dismiss his Complaint.

Dismissal "is a 'drastic remedy' generally to be used only when the district judge has considered lesser alternatives," *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (citing *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)), and where the "failure to comply with discovery orders was due to 'willfulness,

bad faith, or any fault' of the party sanctioned." *Id.* (citing *Salahuddin v. Harris*, 782 F. 2d 1127, 1132 (2d Cir. 1986)).

Here, while I believe Wiercinski has given false testimony about his prior employment status, his assertions that he cannot now afford to pay the required discovery costs because he is not currently working and subsists on his limited Social Security income, *see* DE 55-4 (Letter from the Social Security Administration), are unrebutted. Further, his failure to comply with my order to pay costs does not deprive defendants of their right to a fair trial on the merits. Therefore, while I agree with defendants that Wiercinski's current financial status is at least in part a result of his own failure to seek employment, *see* DE 60 at 2, I am not sufficiently persuaded of his current inability to pay the required amount of $3,253.00 to conclude that his failure to make such a payment should forfeit his right to prosecute his claims. I therefore decline to recommend dismissal.

The fact that Wiercinski should not be barred from pursuing his claim does not, however, mean that his past discovery abuses should be condoned. He remains obliged to reimburse the defendants for the needless expenses they incurred as a result of his misconduct in this litigation, and the defendants should therefore have those expenses credited against any recovery Wiercinski might secure in this litigation.

Finally, I note that Wiercinski has failed to discharge his discovery obligations with respect to prospective witness Alexander Bielawski ("Bielawski"). In a memorandum and order dated April 5, 2011, DE 44, I allowed Wiercinski one final opportunity to salvage his ability to call Bielawski as a trial witness. *Id*. at 2. Specifically, I ordered that if Wiercinski wished to preserve his right to call Bielawski at trial,

> he must ensure, through use of a subpoena if necessary, that Bielawski appears for a deposition no later than April 12, 2011, and he must pay all costs arising from the belated deposition other than the defendants' attorneys' fees, including the cost of a

court reporter and an interpreter. If the plaintiff is unwilling or unable to meet those
conditions, then Bielawski may not testify at trial.

*Id*. Because Wiercinski has not satisfied those conditions to date, I now order pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(ii) (providing for a sanction of evidence preclusion where a party fails to obey a discovery order) that plaintiff Wiercinski is precluded from introducing the testimony of Alexander Bielawski in his case-in-chief at the trial of this case.

**SO ORDERED.**

Dated: Brooklyn, New York
July 22, 2011

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge