UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ADAM WIERCINSKI,  :  09-CV- 04413(ILG)(JO)

                         Plaintiff,

       - against -

MANGIA 57, INC., et al.,

                        Defendants.
-----------------------------------------------------------------X

## AFFIDAVIT OF SASHA MUNIAK

STATE OF NEW YORK   )
                                ss.:
COUNTY OF NEW YORK  )

SASHA MUNIAK, being duly sworn, deposes and says:

1. I am the President of Mangia 57, Inc., the only remaining defendant in this case. This affidavit is respectfully submitted pursuant to the order of Magistrate Judge Orenstein dated July 30, 2012. For the reasons set forth below, defense counsel should not be permitted to withdraw from this case.

Procedural Questions

2.. Pursuant to a Scheduling Order, dated July 16, 2012, I was directed to appear at a "conference to discuss defense counsel's motion to withdraw." The Scheduling Order referred to an "unsigned" order to show cause. At the July 25 conference, Magistrate Judge Orenstein gave me explicit instructions to submit to the court by August 1 proof of payment or credits against the bill for services rendered by defense counsel in this litigation. A Minute Entry was subsequently entered into the docket of this case that was inconsistent with the verbal instructions I received in court. So I wrote a letter to Magistrate Judge Orenstein on July 25 seeking clarification (copy attached as **Exhibit A**). Then, on July 31, I received by e-mail from my attorney, Roger Maldonado, a copy of a new order dated July 30. With all due respect, it further confuses the issue. I have not received any motion papers except by e-mail. I do not understand how an unsigned order to show cause can

be deemed a motion to withdraw. It is unclear to me what papers I am supposed to be responding to at this point or how I am supposed to respond, but I will do my best.

Payments and Credits

3. As I recall, this case began in July of 2007 when Mr. Wiercinski filed his first frivolous claim with the New York State Division of Human Rights. At that time, I retained the firm of Balber Pickard Maldonado & Van Der Tuin, PC ("Balber Pickard") to represent the defendants. According to the records of Balber Pickard, the firm has been paid a total of $30,312.95 to date for fees and expenses in the case (see **Exhibit B**).

4. In addition to the $30,312.95 paid to Balber Pickard, my records show $129,684.51 has been charged by Balber Pickard from August 1, 2007 to date on its barter account with Mangia. Attached hereto as **Exhibit C** is a cumulative annual summary of the barter account as well as a running statement showing each and every charge made by Balber Pickard on its barter account since August 1, 2007 (including dates, amounts and who ordered the food). This barter account is the real reason Balber Pickard has not sought payment on its legal bills until now. Balber Pickard continues to order food on its barter account several times a week.

5. Therefore, Mangia 57, Inc. is entitled to credits against the Balber Pickard bill of at least $159,997.46. However, for the reasons explained below, Mangia 57 may well owe nothing to Balber Pickard at this point or even have a credit balance.

Billing Disputes

6. My professional relationship with Todd Pickard, the principal partner of Balber Pickard, dates back more than 30 years. Balber Pickard has represented me and various Mangia-related entities since 1981. I have paid Balber Pickard many hundreds of thousands of dollars in legal fees for various matters over the course of our relationship. However, I have at times over the years objected to Balber Pickard's aggressive billing practices. On several occasions, Mr. Pickard has made adjustments to the bill after speaking with me. I spoke with Todd Pickard several times last year specifically about this case. I told him that the firm's billable hours on this case appear

somewhat inflated. I questioned certain block entries that were vague or seemed excessive. I guess we just agreed to disagree because we continued the relationship. As a result, I have not paid any more fees on this case in quite some time, but Mr. Pickard also has not insisted that I do so. Apparently he and his partners enjoy the good food at Mangia and have willingly accepted the benefits of our barter arrangement.

<u>Wasted Legal Fees and Expenses</u>

7. There is little doubt that substantial legal fees could have been saved had my attorneys filed a timely motion to dismiss the Title VII discrimination claims. Apparently, a motion to dismiss was filed but it said nothing about plaintiff's failure to exhaust his administrative remedies. Last year, after learning from another attorney that a Title VII plaintiff is required to first obtain a "right to sue" letter from the EEOC before filing a lawsuit, I conveyed this information to Mr. Maldonado's associate, Andrew Prior. Apparently they were unaware of this administrative prerequisite. I believe that many thousands of dollars of legal fees and expenses could have been saved with a proper motion to dismiss rather than waiting to file a motion for summary judgment after the completion of all discovery in the case. The issues in this case would have been greatly narrowed had the discrimination claims been dismissed at the outset as they should have been. It is certainly less complicated and less expensive to defend a single claim with no economic damages than it is to defend full blown Title VII discrimination claims. Indeed, this case may very well have settled or been withdrawn long ago had a proper motion to dismiss been filed. It is difficult to quantify the savings, but I don't think it is unreasonable to say that at least $50,000 in legal fees could have and should have been saved over a period of two years from October 2009 (when the court case was commenced) to December 2011 (when defense counsel moved for summary judgment).

<u>Communication with Counsel</u>

8. As Mr. Maldonado stated on the record in court on July 25, 2012, we continue to have a cordial business relationship. I do not believe that we have or will have problems communicating on this case. Sometimes, due to my busy work schedule, I cannot return his calls immediately but

I always try to do so the same day or the next day. The reverse is true as well.

9. I pledge my full cooperation and the cooperation of my staff in order to assist defense counsel to complete this case. We are prepared to work with defense counsel and to devote whatever time is necessary to defend this case. I see no reason whatsoever why we would not be able to work together with the attorneys at Balber Pickard to prepare for the upcoming trial.

<u>Prejudice to the Defendant and Delay of the Case</u>

10. Most of this frivolous case has already been disposed of. All of the Title VII discrimination claims have now been dismissed by Judge Glasser. Even with respect to the remaining Section 1981 claim, Judge Glasser dismissed the plaintiff's economic damages. There is very little left to be tried. It would be highly prejudicial to the defendant to allow counsel to withdraw at this late date under these circumstances. It is my understanding that discovery has been completed, an extensive joint pre-trial order has already been filed, and the trial has been scheduled for late September, less than two months from now! It would cost a great deal of money and take a considerable amount of time for a new law firm to study the entire record of this case from scratch and prepare for trial - assuming I could find new counsel willing to take the case. Far less work would be required for my present attorneys who are fully familiar with the case and have already negotiated and prepared a joint pre-trial order. Withdrawal would certainly cause a substantial delay in the resolution of the case. In light of the above, my attorneys should not be permitted to withdraw.

<u>The Attorney-Client Privilege</u>

11. I have not served plaintiff's counsel with a copy of this affidavit (or the attached exhibits) because it includes sensitive communications with my attorneys, and I do not wish to waive the attorney-client privilege. I respectfully request that the court review these submissions *in camera* as I understand is the routine practice in these matters. I do not believe there is any legitimate reason why plaintiff's counsel should be made aware of the particulars of this private dispute. Thank you.

Conclusion

12. Defense counsel should not be permitted to withdraw because (i) there is a bona fide dispute as to the amount of legal fees due, if any; (ii) defense counsel and the defendant continue to have a cordial relationship; (iii) there is no lack of cooperation or failure to communicate which would prevent defense counsel from effectively continuing to represent the defendant; (iv) with discovery complete, a joint pre-trial order already filed, and the trial less than two months away, it would be highly prejudicial to the defendant to allow defense counsel to withdraw; and (v) there would be a substantial delay in the trial of this case. Therefore, I respectfully request that the application be denied.[1]

_____
Sasha Muniak

Sworn to be before me this 7th
day of August, 2012

_____
Notary Public

MARY GREEK
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
REG. #01GR6205810
MY COMM. EXP. MAY 11, 2013

---

[1] A copy of this affidavit and the attached exhibits are being delivered today by hand to Roger Maldonado, Esq. at the offices of Balber Pickard.