UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
ADAM WIERCINSKI,

        Plaintiff,

  -against-                              MEMORANDUM AND ORDER
                                                09 CV 4413 (ILG)
MANGIA 57, INC., et al.,

        Defendants.
------------------------------------------------x
GLASSER, United States District Judge:

        At the conclusion of the trial in this case, the jury awarded the plaintiff nominal damages in the amount of $1 and punitive damages in the amount of $900,000. In a 21 page opinion reported in 33 F. Supp.3d 118 (E.D.N.Y. 2014), familiarity with which is assumed, I vacated the award of punitive damages and granted the defendants' post-trial motions pursuant to Rules 50(b) and 59 of the Federal Rules of Civil Procedure and denied the plaintiff's request for attorney's fees and costs. The Court of Appeals affirmed the vacated punitive damages and remanded the case "for a determination of appropriate fees and costs" applying the principle that "a plaintiff who recovers only nominal damages is still a prevailing party and may be entitled to fees and costs in Title VII cases," citing Farrar v. Hobby, 506 U.S. 103, 112-13 (1992). The Court noted, however, that "Given the highly unusual facts of this case, the district court would be well within its discretion to conclude that this is a rare instance where plaintiff who 'formally prevails under § 1988 should receive no attorney's fees at all.'" 787 F.3d 106, 116 (2d Cir. 2015). The plaintiff thereafter petitioned that Court for a Panel Rehearing and a Rehearing en banc. On July 16, 2015, the Court of Appeals denied both. This Court having deferred its obedience to the remand pending the determination of the

appellate proceedings then directed the parties to submit such memoranda as they may deem necessary in support of and in opposition to the plaintiff's request for attorney's fees and costs, which they did. Docket Nos. 175-179.

## Discussion

A motion for attorney's fees and costs in this case is made pursuant to 42 U.S.C. § 1988(b), which provides in relevant part that ". . . a court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs" which, in turn, is addressed by Rule 54(d) providing that "Unless a federal statute, these rules or a court order provides otherwise, costs – other than attorney's fees – should be awarded to the prevailing party." Inherent in the statute and the Rule is the discretion of the Court as a determinant of an award of both attorney's fees and costs.

The motion for attorney's fees was denied summarily, in the last two lines of a 21 page opinion, viz., "The motion by plaintiff's counsel for counsel fees is denied." 33 F. Supp.3d at 139. That denial was in the exercise of the Court's discretion, the reasons for which although not explicitly stated, would be made plainly manifest by a reading of the Court's opinion.

The denial of an award of attorney's fees in this case in which the plaintiff was awarded nominal damages of $1 is a warranted exercise of discretion; it is the award the teaching of the Supreme Court would direct. In <u>Farrar</u>, the case most frequently cited in this regard, the Court wrote at p. 115 "When a plaintiff receives only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all" and added a reference to <u>Riverside v. Rivera</u>, 477 U.S. 561 (1986), in which the Court observed that Congress did not intend awards

2

pursuant to § 1988 to "produce windfalls to attorneys." In a concurring opinion, Justice O'Connor wrote at 117, "When the plaintiff's success is purely . . . de minimus, no fees can be awarded. Such a plaintiff . . . has obtained only a Pyrrhic victory for which the reasonable fee is zero."

I am aware that there are exceptions to that general rule and attorney's fees may be appropriately awarded where the plaintiff has achieved some "cognizable benefit" in addition to nominal damages such as an injunction or declaratory relief or "created a new rule of liability serving a significant public service." See McCardle v. Haddad, 131 F. 3d 43, 54 (2d Cir. 1997); Cabrera v. Jakabovitz, 24 F.3d 372, 293 (2d Cir. 1994); see also Farrar, *supra*, at 121-22. None of those exceptions are remotely applicable here.

Rule 54(d) stated above, provides, in part, that unless a court order provides otherwise, "costs – other than attorney's fees – should be allowed to the prevailing party." (emphasis added). Although the decision to award costs is subject to a court order, a literal reading of the Rule might suggest a presumption in favor of an award of costs. See, e.g., Delta Air Lines, Inc. v. August, 450 U.S. 346, 351-52 (1982). If that presumption were indulged, it would be overcome for the same reason attorney's fees would be denied. In Farrar v. Hobby, *supra*, at p. 120 Justice O'Connor wrote "Just as a Pyrrhic victor would be denied costs under Rule 54(d), so too should it be denied fees under § 1988." See also Pino v. Locascio, 101 F.3d 235, 239 (2d Cir. 1996). A reading of McFarland v. Gregory, 425 F.2d 443, 449 (2d Cir. 1970) would support the conclusion that obstructive conduct in the course of a litigation would counsel a denial of costs. In that regard the Court of Appeals noted that Mangia's "ability to present a defense was significantly hampered by Wiercinski's obstructive behavior during cross-examination.

3

In total, Wiercinski invoked the Fifth Amendment at least twenty four times over the course of a brief examination, including a response to questions as basic as whether or not he recalled giving prior deposition testimony." 787 F.3d at 110-11.

I paraphrase Justice O'Connor's opening sentence of her concurring opinion in Farrar: If there ever was a plaintiff who deserved no attorney's fees at all that plaintiff is Adam Wiercinski.

The plaintiff's motion for attorney's fees and costs is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
September 3rd, 2015

_____/s/_____
I. Leo Glasser